**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CLYDE YOUNG,

*Plaintiff-Appellant,*

v.

LONNIE M. SAUNDERS; LARRY W. HUFFMAN, Regional Director,

*Defendants-Appellees.*

No. 01-7782

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CA-00-837-7)

Submitted: April 23, 2002

Decided: May 20, 2002

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

---

### COUNSEL

Clyde Young, Appellant Pro Se. Pamela Anne Sargent, Assistant Attorney General, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Clyde Frank Young, a Virginia inmate, brought this action pursuant to 42 U.S.C.A. § 1983 (West Supp. 2001), claiming that officials responsible for policies at the Augusta Correctional Center (ACC) violated his rights under the Free Exercise Clause of the First Amendment when they denied him access to items necessary to practice his religion (Egyptian Freemasonry Voodoo). These items include prayer oil, religious powder, incense, candles, and a lodestone.

The Supreme Court has held that a neutral, generally applicable law does not offend the Free Exercise Clause, even if the law has an incidental effect on religious practice. *Employment Division v. Smith*, 494 U.S. 872, 876-79 (1990). *See also Hines v. South Carolina Department of Corrections*, 148 F.3d 353, 357 (4th Cir. 1998); *American Life League, Inc. v. Reno*, 47 F.3d 642, 654 (4th Cir. 1995) (explaining *Smith*). In the context of regulations that affect inmates, the Supreme Court has held, prior to *Smith*, that the regulation must be reasonably related to legitimate penological interests. *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987). In *O'Lone*, the Supreme Court provided the following factors for lower courts to weigh when evaluating constitutional challenges to prison regulations: (1) a regulation must have a logical connection to legitimate governmental interests invoked to justify it; (2) the inmates should have alternative means of exercising their religious rights; and, (3) accommodating the inmates' rights should not severely impact other inmates, prison officials, and allocation of prison resources generally. *Id*. at 350-52. Relying heavily upon *O'Lone*, the district court found that the regulations restricting Young's possession of these items were reasonably related to legitimate penological interests and granted summary judgment to Saunders.

The penological interests enumerated by Saunders to limit access to candles, incense, and a lodestone survive both the *Smith* and *O'Lone* tests. Significantly, the regulations that limit Young's access to these items are general in their applicability and do not target the religious practice of Voodoo. Furthermore, Saunders' concerns over the safety and security of the facility and its inhabitants provide ade-

quate support for the conclusion that accommodating Young's request for these items would have undesirable results in ACC. *O'Lone*, 482 U.S. at 353. Accordingly, we affirm the denial of relief as to Young's claims for candles, incense, and a lodestone.

On appeal, however, Young provides several counter-arguments to the penological interests enumerated by the Appellees in denying access to prayer oil and religious powder that warrant further review. Although Appellees claim a compelling interest in protecting the safety and security of the facility, they have failed to articulate the manner in which these legitimate goals are advanced by restricting the purchase of non-flammable prayer oil and religious powder. Second, although the district court accepted for purposes of decision that Egyptian Freemasonry Voodoo is a valid religious practice and that Young needed prayer oils and religious powder to practice that religion, the record fails to provide any information about the demands of this religion. Without this factual finding, the second prong of the *O'Lone* test, whether Young is able to participate in other religious observances of his faith, cannot be considered. Finally, the record provides no insight as to how the allowance of non-flammable prayer oil and religious powder, subject to inspection, would affect other inmates, prison personnel, or prison resources.

Because crucial factual issues remain, summary judgment was premature and Young's claims regarding his requests for prayer oil and religious powder should be allowed to proceed. For this reason, we vacate the district court's order as it relates to prayer oil and religious powder, and, without indicating any view as to any other procedural or substantive issue presented by Young, remand the matter for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART*